**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4637
_____

CORNELIUS A. BADGER, JR.,
                                        Appellant

v.

CITY OF PHILADELPHIA OFFICE OF PROPERTY ASSESSMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-04936)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2014
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: April 15, 2014)

_____

OPINION
_____

PER CURIAM

       Cornelius A. Badger, Jr., appeals from an order of the United States District Court

for the Eastern District of Pennsylvania, which denied his employment discrimination

complaint and his motion for reconsideration and reinstatement.  We will affirm the

District Court's judgment, albeit on different grounds.  Brightwell v. Lehman, 637 F.3d

1

187, 191 (3d Cir. 2011) (we may affirm the decision of a district court for any reason supported by the record).

## I.

Badger initially filed a form complaint containing his name and address, the defendant's name and address, and with the words "see PCHR charge sheet/ˊcomplaintˊˊ" in the area marked "Statement of Claim." He also included a number of attachments. The District Court entered an order noting that Badger had "failed to provide sufficient facts to support" his allegation of age discrimination. Dkt. #2. The order directed the Clerk to send Badger a copy of the employment discrimination complaint form, along with instructions for filing, and indicated that if Badger did not file an amended complaint within 30 days, the complaint would be dismissed with prejudice. Id.

A little over two weeks later, Badger filed a motion for recusal or reassignment of the judge. Two days before Badger's time to file an amended complaint expired, the Clerk issued an order reassigning the case to a new judge, who dismissed the proceeding with prejudice about a week later because Badger had failed to file an amended complaint. Badger filed a timely "Motion for Reconsideration and Reinstatement," accompanied by an amended complaint. The District Court denied the motion and Badger timely appealed.

## II.

We review a district court's order denying a motion for reconsideration for abuse of discretion, but we review underlying legal determinations de novo and factual determinations for clear error. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d

Cir. 2011). The District Court here dismissed Badger's complaint because he failed to timely file an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of complaints, but if a district court enters judgment dismissing a complaint, the complainant "'may seek to amend the complaint (and thereby disturb the judgment) only through [Fed. R. Civ. P.] 59(e) and 60(b).'" Burtch, 662 F.3d at 230 (quoting Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007)). When a plaintiff files a timely Rule 59(e) motion in conjunction with a motion to amend his complaint, "the Rule 15 and 59 inquiries turn on the same factors . . . includ[ing] undue delay, bad faith, prejudice, or futility." Id. at 230-31(internal quotations marks and citations omitted).

Badger filed his "Motion for Reconsideration" within the 28 days provided by Rule 59 "in which to seek to reopen the judgment and amend the complaint." Fletcher-Harlee Corp., 482 F.3d at 253. "[L]eave to amend within this window should, as [Fed. R. Civ. P.] 15(a) puts it, 'be freely given when justice so requires.'" Id, (citations omitted). But when the "complaint, as amended, would fail to state a claim upon which relief could be granted[,]" the motion for reconsideration should be denied on the basis of futility. Burtch, 662 F.3d at 231. When determining whether the amended complaint is futile, a district court uses the same standards that it considers in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Id. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Instead, the complaint:

3

> must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Complaints filed pro se are construed liberally, but even "a pro se complaint must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (citation omitted).

In an employment discrimination case, the district court should "accept all of the complaint's well-pleaded facts as true, . . . disregard any legal conclusions[,] . . . [and] then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 679). Badger's proposed amended complaint ("PAC") states that the City of Philadelphia's Office of Property Assessment ("OPA") "took action to arbitrarily and maliciously cheat [him] of career stability and financial security" in February 2012, despite his "scoring a competitive 12th on the relevant civil service exam, out of more than eighty test-takers." He states that the OPA hiring panel disregarded his "demonstrated and documented experience and aptitude." The PAC states that the hiring panel violated his rights and protections under Title VII, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the provisions of 42 U.S.C. § 1981. It also alleges that the panel violated state law and libeled and defamed him. But the PAC contains no facts from which a court could infer that the defendants violated any of the cited laws.

4

Assuming Badger intended to plead an ADEA age discrimination claim based on failure to hire, see 29 U.S.C. § 623(a)(1), he would be required to show:  (1) he belonged to a protected class; (2) the defendant failed to hire him; (3) he was qualified for the position in question; and (4) circumstances giving rise to an inference of discrimination accompanied the failure to hire him.  Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009); Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797-98 (3d Cir. 2003).  The PAC does not explicitly state that Badger was qualified for the position he sought, but a court might infer from the facts regarding his ranking on the civil service exam that he could show that he qualified for the position.  However, it does not indicate that Badger is a member of any protected group, does not indicate what adverse action was taken, and does not refer to any circumstances that would give rise to an inference of discrimination. Wilkerson v. New Media Tech. Charter School, Inc., 522 F.3d 315, 321-22 (3d Cir. 2008) (plausibility paradigm applies to employment discrimination complaints).[1]

The proposed complaint does, however, refer the reader to "attached exhibits." We will assume that reference points to the exhibits included with the initial complaint. See Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 559-60 (3d Cir. 2002) (court may consider exhibits attached to complaint "whose contents are alleged in the

---

[1] The PAC does not contain any facts from which a court could infer that defendants violated Title VII (which prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1)), nor any facts related to libel, defamation, or 42 U.S.C. § 1981 (regarding discrimination in the making or enforcement of contracts).

complaint" when considering a complaint's sufficiency).[2]  Even considering those

exhibits, Badger has not met his burden of pleading factual content that would support a

plausible claim for relief.  One exhibit, Badger's complaint to the City of Philadelphia

Commission of Human Relations, gives more facts:  his date of birth (which shows that

he was almost 54 years old at the time he was interviewed), the name of the position he

applied for, the date he was interviewed, the fact that he was rejected for the position, and

the fact that he appealed and was told that the OPA had the right to choose between two

candidates and had chosen the candidate it thought to be best.  But neither his

administrative complaint nor any other attachment contains facts that would give rise to

an inference of discrimination.[3]  Because Badger did not put forth plausible allegations

that raised a reasonable expectation that discovery would show that he was not hired

based on improper consideration of his age, his attempt to amend the complaint was

---

[2] The contents of the exhibits are *not* alleged in Badger's complaint, but because he is proceeding pro se, we will liberally construe his filings.

[3] One attachment is a letter from the United States Equal Employment Opportunity Commission ("EEOC"), which conducted a substantial weight review based on Badger's request.  The EEOC found that "during the relevant investigative period, nine qualified candidates were selected for the contested position; four of whom were under age 40 (45%) and five of whom [were] age 40 and over (55%). Examination of the record shows that, of the current staffing [for the position sought, the OPA] employs 71% of individuals at the age of 40 and over."  The letter also notes that "there is no evidence to show that in making your complaint you, at any time, allege that any of the [OPA's] representatives made age-related comments to you."

futile.[4]

For the foregoing reasons, we will affirm the District Court's orders.[5]

---

[4] Assuming Badger seeks to appeal the District Court's order dismissing his initial complaint, we similarly find no error. As noted, the initial complaint form contained no factual matter concerning the age discrimination claim, and as we discussed above, the attachments do not give rise to an inference that Badger was discriminated against.

[5] Appellant's Motion for Summary Judgment is denied.